UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINCINNATI LIFE INSURANCE CO., an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALUMINUM PRODUCTS, INC. a Washington corporation,<br><br>Defendant. | NO. CV-10-377-RHW<br><br>**ORDER GRANTING THE PARTIES' JOINT MOTION FOR PROTECTIVE ORDER AND TO AUTHORIZE PRODUCTION OF MEDICAL RECORDS** |

Before the Court is the parties' Joint Motion for Protective Order and to Authorize Production of Medical Records (ECF No. 13). The motion was heard without oral argument.

The parties ask the Court to enter an order governing the designation and handling of non-public, confidential information, and request the Court to authorize Plaintiff to produce to Defendant medical records and information related to decedent James Gorton.

With respect to the Proposed Protective Order, in paragraph 9, the parties indicate that any "Confidential" material with the Court shall be filed under seal. It is the policy of this District and the Judges herein not to enter blanket protective orders. Not only do such orders unnecessarily impede the public's rights of access to court proceedings, they make appellate review difficult. *See, e.g., Foltz v. State Farm Mut. Auto. Insur. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). The Federal Rules of Civil Procedure grant this Court broad latitude in crafting protective

orders. Fed. R. Civ. Pro. 26(c); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (noting that rule 26(c) authorizes district courts to issue "*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden") (emphasis in original). For good cause, the Court will enter orders protecting specific information from disclosure or forbidding inquiry into certain matters, in accordance with Rule 26(c).

Thus, while the parties are free to agree with respect to the management of the dissemination and use of the information between themselves during the discovery process as set forth in the Proposed Protective Order, the Court will require the parties to seek permission from the Court prior to filing any document covered by the Proposed Protective Order under seal in the court record.

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' Joint Motion for Protective Order and to Authorize Production of Medical Records (ECF No. 13) is **GRANTED**, in part.

2. The Court authorizes Plaintiff Cincinnati to produce James Gorton's medical records to Defendant API.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 1st day of April, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2010\Cincinatti Life Ins\prot.ord.wpd

**ORDER GRANTING THE PARTIES' JOINT MOTION FOR PROTECTIVE ORDER AND TO AUTHORIZE PRODUCTION OF MEDICAL RECORDS ~ 2**